

ORIGINAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUN 1 6 2005
4:00

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| **GARY THIBODEAU** | § | |
| | § | |
| | § | CIVIL ACTION NO. |
| **VS.** | § | |
| | § | |
| **HOME DEPOT, INC.** | § | **4-05 C V - 3 8 5 - Y** |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS:

Defendant **HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT, INC.** files this Notice

of Removal.  As grounds for removal, Defendant states as follows:

1.     **GARY THIBODEAU** (hereinafter referred to as "Plaintiff") is the Plaintiff in this civil

action, originally filed on April 14, 2005, in the 67th Judicial District Court for Tarrant County,

Texas, entitled *"Gary Thibodeau vs. Home Depot, Inc.,"* Cause No. 067-210987-05. *Attached*

*hereto and marked as Exhibit "A"* is an index of all documents filed in the 67th Judicial District

Court for Tarrant County, Texas, which clearly identifies each document and indicates the date the

document was filed in state court as required by 28 U.S.C. §1446(a) and Local Rule 81.1.  Included

with the index is a copy of each document filed in the 67th Judicial District Court for Tarrant

County, Texas, except discovery material, individually tabbed and arranged in chronological order

according to the state court file date.  *Attached and marked as Exhibit "B"* is a certified copy of the

District Court Docket Sheet as required by Local Rule 81.1.

2.     Plaintiff's First Amended Petition seeks damages of $250,000, which grants federal jurisdiction for this claim.  *Please see p. 4 of the Plaintiff's First Amended Petition, which is attached and marked as Exhibit "C."*  The Plaintiff's First Amended Petition was served on Defendant on May 18, 2005.  This notice of removal is filed within thirty (30) days of service of Plaintiff's First Amended Petition and is timely filed under 28 U.S.C. §1446(b).

3.     The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties in that Plaintiff is now, and was at the time the action was commenced, diverse in citizenship from Defendant.  Defendant is a corporation that was incorporated under the laws of the State of Delaware, having its principal offices and places of business now, and at the time this action was commenced, in Atlanta, Georgia.

4.     Removal of this action is proper under 28 U.S.C. §1441 since it is a civil action brought in state court and the federal district courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are diverse in citizenship.

## DEMAND FOR TRIAL BY JURY

5.     Pursuant to FED. R. CIV. P. 38(b) and 81(c), Defendant hereby demands that this case be tried by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant **HOME DEPOT U.S.A., INC. D/B/A HOME DEPOT, INC.**, pursuant to federal law and in conformity with the requirements set forth in 28 U.S.C. §1446, removes this action for trial by jury from the 67th Judicial District Court for Tarrant County, Texas, to this Court on the 16th day of June, 2005.

Respectfully submitted,

_Bernard R. Suchocki_

Bernard R. Suchocki (Attorney-in-Charge)
State Bar No. 19458500
SUCHOCKI, BULLARD & CUMMINGS, P.C.
One Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0086 (fax)

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned attorney for Home Depot U.S.A., Inc. d/b/a Home Depot, Inc. certifies that, on June 16, 2005, a copy of the Notice of Removal in this action was filed with the 67th Judicial District Court, Tarrant County, Texas, and that written notice of the filing of the Notice of Removal was mailed, via certified mail, to the party named above as Plaintiff in this action, by and through his attorney of record. Removal of this action is effective as of June 16, 2005 pursuant to 28 U.S.C. §1446.

DATE:     June 16, 2005

_Bernard R. Suchocki_

Bernard R. Suchocki

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **GARY THIBODEAU** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** |
| **VS.** | § | |
| | § | _____ |
| | § | |
| **HOME DEPOT, INC.** | § | |

### INDEX OF DOCUMENTS FILED IN STATE COURT

1.  Plaintiff's Original Petition                                              April 14, 2005

2.  Home Depot, U.S.A., Inc., Defendant's Original Answer          April 22, 2005

3.  Home Depot U.S.A., Inc., Defendant's Filing of Agreement
    Pursuant to TEX. R. CIV. P. 11 *[regarding Special Exceptions]*.       May 10, 2005

4.  Plaintiff's First Amended Petition                                         May 18, 2005

5.  Docket Sheet                                                                   Undated

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served on each attorney of record, via regular mail, pursuant to FED. R. CIV. P. 5.

DATED:       June 16, 2005

_Bernard R. Suchocki_
_____
Bernard R. Suchocki

INDEX OF DOCUMENTS FILED IN STATE COURT
Thibodeau\Pldg.IndexDocs.NotRmvL061605

# NUMBER 1

NO. 067 210987 05

| | | |
|---|---|---|
| Gary Thibodeau | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | TARRANY COUNTY, TEXAS |
| VS. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| Home Depot, Inc., | § | |
| | § | |
| | § | |
| Defendant. | § | **JURY TRIAL REQUESTED** |

### PLAINTIFF'S ORIGINAL PETITION

Gary Thibodeau, Plaintiff, complaining of Defendant, Home Depot, Inc. designates this case as a Level 2 case, and for cause of action would show the Court as follows:

### I.

### Parties and Venue.

1.a.    Plaintiff is a resident of Tarrant County, Texas.

1.b.    Defendant Home Depot, Inc. is a Deleware corporation, authorized to do business in Texas and may be served through its registered agent CT Corporation System 350 North St. Paul Street, Dallas Texas 75201 by certified mail, return receipt requested.

2.      Venue is proper in this County because all or a substantial part of the events upon which Plaintiff's claims are based occurred in Tarrant County.

### II.

### Factual Background.

1

3.    On or about December 2, 2004, Plaintiff Gary Thibodeau was shopping during normal business hours at Home Depot located at 3950 Jim Wright Freeway, Lake Worth, Texas 76135. The Defendant Home Depot, Inc. extended an open invitation to the public, including Gary Thibodeau, to enter Home Depot's premises. Gary Thibodeau is therefore considered a business invitee.

4.    As Gary Thibodeau completed shopped at Home Depot, he rolled the materials he purchased through a large open door that is on rollers and to his truck. He then turned and began walking back to the premises going through the same open door that he came from.

5.    A Home Depot cashier was resting on her elbows and staring at Gary Thibodeau as he was walking back into the premises when suddenly the door rolled down and hit Gary Thibodeau in the head with such force that it cut his forehead.

6.    Gary Thibodeau received no warning from the Home Depot cashier, or anyone else, that the door was falling.

7.    Gary Thibodeau thereafter sought and received medical attention.

8.    Gary Thibodeau has incurred pain and suffering and medical expenses and other damages as a direct and proximate result of the above-described incident.

III.

## Causes of Action.

### Premises Liability / Negligence.

9.    Plaintiff incorporates by reference as if set forth verbatim herein Paragraphs 1 - 8 above.

10.    The Incident and the resulting injuries and damages to Gary Thibodeau were directly and proximately caused by the negligence of the Defendant Home Depot (acting by and through their employees, agents, servants, representatives, and/or officials, ) in Home Depot's failure to exercise ordinary care in maintaining the premises in a reasonably safe condition, its failure to protect and safeguard invitees such as the Plaintiff Gary Thibodeau from unreasonably unsafe and dangerous conditions, its failure to exercise reasonable care to reduce or eliminate the risk to invitees such as the Plaintiff Gary Thibodeauof the unreasonably unsafe and dangerous conditions, and/or its failure to warn invitees such as the Plaintiff Gary Thibodeau of the unreasonably unsafe and dangerous conditions at the time of the Incident.

11.    Each of the above described acts and/or omissions by the Defendants singularly, or in combination with others, constituted negligence and directly and proximately caused the Incident and the injuries and damages to Plaintiff.

12.    At all times relevant to this lawsuit, the Defendants knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as Gary Thibodeau.

13.    The negligence described herein should be imputed to Home Depot's because the negligence alleged herein occurred as a result of the acts

and/or omissions of the Defendant's employees, agents, servants, representatives, and/or officers ) and with Defendants knowledge and/or consent.

## IV.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial they be awarded:

a)   their actual damages sustained as a direct and proximate result of Defendants' conduct as set forth above;

b)   costs of suit;

c)   pre- and post-judgment interest; and

d)   Such other and further general and special relief to which plaintiffs may be justly entitled.

### PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,

WATSON & ACOSTA P.L.L.C.

Houston M. Watson II
State Bar No. 20939500
Fort Worth Texas 76102
Telephone (817) 870-9121
Telecopy (817) 870-9132

### ATTORNEYS FOR PLAINTIFF

# NUMBER 2

CAUSE NO. 067-210987-05

| | | |
|---|---|---|
| GARY THIBODEAU | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| HOME DEPOT, INC., | § | |
| | § | |
| Defendant. | § | 67TH JUDICIAL DISTRICT |

## HOME DEPOT, U.S.A., INC., DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant **HOME DEPOT, U.S.A., INC.** (incorrectly named as "Home Depot, Inc.") and files this Original Answer and would respectfully show the Court as follows:

**I.**

Pursuant to TEX. R. CIV. P. 92, Defendant hereby enters this general denial and demands strict proof of each and every allegation in Plaintiff's Original Petition by a preponderance of the credible evidence as required by the laws and constitution of the State of Texas.

**II.**

For further answer, Defendant would show that at the time and occasion in question, the Plaintiff failed to use ordinary care, that is, failed to do that which a person of ordinary prudence would have done under the same or similar circumstances or did that which a person of ordinary prudence would not have done under the same or similar circumstances and such was negligence and a proximate cause of the Plaintiff's alleged damages.

WHEREFORE, PREMISES CONSIDERED, **HOME DEPOT, U.S.A., INC.,** Defendant respectfully requests that Plaintiff **GARY THIBODEAU** take nothing by his cause of action and

DEFENDANTS' ORIGINAL ANSWER 1
Thibodeau\OrgAns

that Defendant go hence without day with its costs and for such other relief, both in law and equity, to which it may show itself justly entitled.

Respectfully submitted,

SUCHOCKI, BULLARD & CUMMINGS, P.C.
One Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0408 Fax

By: _____
   Bernard R. Suchocki
   State Bar No. 19458500

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of this document has been mailed to each attorney of record, pursuant to TEX. R. CIV. P. 21 and 21a.

DATED:  April 22, 2005

_____
Bernard R. Suchocki

# NUMBER 3

CAUSE NO. 067-210987-05

| | | |
|---|---|---|
| GARY THIBODEAU | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| HOME DEPOT, INC., | § | |
| | § | |
| Defendant. | § | 67TH JUDICIAL DISTRICT |

## HOME DEPOT U.S.A., INC., DEFENDANT'S
## FILING OF AGREEMENT PURSUANT TO TEX.R.CIV.P. 11

COMES NOW, **HOME DEPOT U.S.A., INC.**, Defendant in the above-styled and numbered cause and files the following agreement attached hereto as Exhibit "A," in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

SUCHOCKI, BULLARD & CUMMINGS, P.C.
One Summit Avenue, Suite 312
Fort Worth, Texas 76102
(817) 338-0088
(817) 338-0086 (fax)

By _____
Bernard R. Suchocki
State Bar No. 19458500

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been mailed to each attorney of record, pursuant to Texas Rules of Civil Procedure 21 and 21a.

DATED:   May 10, 2005

_____
Bernard R. Suchocki

HOME DEPOT U.S.A., INC., DEFENDANT'S FILING OF AGREEMENT PURSUANT TO TEX.R.CIV.P. 11
Thibodeau\Pldg.Rule11.SpecEx.051005

7

# EXHIBIT "A"

**8**

SUCHOCKI, BULLARD & CUMMINGS, P.C.
ATTORNEYS AND COUNSELORS AT LAW
ONE SUMMIT AVENUE, SUITE 312
FORT WORTH, TEXAS 76102
TELEPHONE (8..) 77X-0088
FACSIMILE (817) 338-0080

A. CUMMINGS

EMAIL  scummings@txlegal.com

April 26, 2005

**VIA FAX ONLY**

Mr. Houston M. Watson, II
WATSON & ACOSTA P.L.L.C.
320 Purvey Street
Fort Worth, Texas 76102

Re:  Gary Thibodeau vs. Home Depot, Inc.; Cause No. 067-210987-05

Dear Mr. Watson:

As you know, this firm has filed an answer on behalf of Home Depot U.S.A., Inc. in the above-referenced cause. A review of your petition indicates that you have failed to plead a maximum amount in controversy

Attached please find a draft of Special Exceptions to your Original Petition. Rather than filing these Special Exceptions and requesting a hearing with the Court, I propose that we enter into a Rule 11 Agreement that you will amend your petition within fifteen (15) days to plead a maximum amount pursuant to Rule 47 of the Texas Rules of Civil Procedure. If you will agree to do this, please sign in the space provided below and fax this letter back to my office. If I have not heard from you within seven (7) days from the date of this letter, I will assume that no agreement can be reached and I will file the appropriate Special Exceptions with the Court and request a hearing.

I appreciate your attention in this regard.

Very truly yours,

SUCHOCKI, BULLARD & CUMMINGS, P.C.

Scott A. Cummings

SAC:ch
Attachment

AGREED

By:
Houston M. Watson, II
Attorney for Plaintiff

**9**

# NUMBER 4

NO. 067-210987-05

| | | |
|---|---|---|
| Gary Thibodeau | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | TARRANY COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | 67th   JUDICIAL DISTRICT |
| Home Depot, Inc., | § | |
| | § | |
| | § | |
| Defendant. | § | **JURY TRIAL REQUESTED** |

## PLAINTIFF'S FIRST AMENDED PETITION

Gary Thibodeau, Plaintiff, complaining of Defendant, Home Depot, Inc. designates this case as a Level 2 case, and for cause of action would show the Court as follows:

### I.

### Parties and Venue.

1.a.    Plaintiff is a resident of Tarrant County, Texas.

1.b.    Defendant Home Depot, Inc. is a Delaware corporation, authorized to do business in Texas and has appeared in this case.

2.    Venue is proper in this County because all or a substantial part of the events upon which Plaintiff's claims are based occurred in Tarrant County.

### II.

### Factual Background.

3.    On or about December 2, 2004, Plaintiff Gary Thibodeau was shopping during normal business hours at Home Depot located at 3950 Jim

PLAINTIFF'S FIRST AMENDED PETITION - Page 1 of 4

Wright Freeway, Lake Worth, Texas 76135. The Defendant Home Depot, Inc. extended an open invitation to the public, including Gary Thibodeau, to enter Home Depot's premises. Gary Thibodeau is therefore considered a business invitee.

4.   As Gary Thibodeau completed shopping at Home Depot, he rolled the materials he purchased through a large open door that is on rollers and to his truck. He then turned and began walking back to the premises going through the same open door that he came from.

5.   A Home Depot cashier was resting on her elbows and staring at Gary Thibodeau as he was walking back into the premises when suddenly the door rolled down and hit Gary Thibodeau in the head with such force that it cut his forehead.

6.   Gary Thibodeau received no warning from the Home Depot cashier, or anyone else, that the door was falling.

7.   Gary Thibodeau thereafter sought and received medical attention.

8.   Gary Thibodeau has incurred severe pain and suffering and medical expenses and other damages as a direct and proximate result of the above-described incident.

### III.

### Causes of Action.

### Premises Liability / Negligence.

9.   Plaintiff incorporates by reference as if set forth verbatim herein Paragraphs 1 - 8 above.

---

PLAINTIFF'S FIRST AMENDED PETITION - Page 2 of 4

10.    The Incident and the resulting injuries and damages to Gary Thibodeau were directly and proximately caused by the negligence of the Defendant Home Depot (acting by and through their employees, agents, servants, representatives, and/or officials,) in Home Depot's failure to exercise ordinary care in maintaining the premises in a reasonably safe condition, its failure to protect and safeguard invitees such as the Plaintiff Gary Thibodeau from unreasonably unsafe and dangerous conditions, its failure to exercise reasonable care to reduce or eliminate the risk to invitees such as the Plaintiff Gary Thibodeauof the unreasonably unsafe and dangerous conditions, and/or its failure to warn invitees such as the Plaintiff Gary Thibodeau of the unreasonably unsafe and dangerous conditions at the time of the Incident.

11.    Each of the above described acts and/or omissions by the Defendants singularly, or in combination with others, constituted negligence and directly and proximately caused the Incident and the injuries and damages to Plaintiff.

12.    At all times relevant to this lawsuit, the Defendants knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as Gary Thibodeau.

13.    The negligence described herein should be imputed to Home Depot's because the negligence alleged herein occurred as a result of the acts and/or omissions of the Defendant's employees, agents, servants, representatives, and/or officers ) and with Defendants knowledge and/or consent.

## IV.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial they be awarded:

    a)    his actual damages sustained as a direct and proximate result of Defendant's conduct as set forth above ands in an amount of not less than $250,000.00;

    b)    costs of suit;

    c)    pre- and post-judgment interest; and

    d)    Such other and further general and special relief to which plaintiff may be justly entitled.

### PLAINTIFF DEMANDS A JURY TRIAL

        Respectfully submitted,

        **WATSON& ACOSTA P.L.L.C.**

        Houston M. Watson II
        State Bar No. 20939500
        Fort Worth Texas 76102
        Telephone (817) 870-9121
        Telecopy (817) 870-9132

        **ATTORNEYS FOR PLAINTIFF**

#### CERTIFICATE OF SERVICE

    I certify that on May 18, 2005 a true and correct copy of Plaintiff's First Amended Petition was served by facsimile on Defendant's counsel Bernard Suchocki at 817 338-0080

        HOUSTON M. WATSON II

# NUMBER 5

# Civil Docket

## Discovery: 2

067-210987-05

Cause Of Action: **PERSONAL INJURY (NO MTR VEH INVOLVED)**

| Date Filed | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| 04/14/2005 | GARY THIBODEAU | WATSON, HOUSTON N. |
| | | 320 PURCH ST |
| | | FORT WORTH, TX 76102 |
| | | BarID: 20939500TX |
| | | WATSON & ACOSTA          Ph (817) 870-9121 |
| | vs. | PLTF |
| | HOME DEPOT, INC. | BERNARD R. SUCHOCKI          210987 |
| | | SUCHOCKI BULLARD & CUMMINGS PC |
| | | ONE SUMMIT AVE STE 312 |
| | | FORT WORTH TX 76102 |
| | | TEL. 817-338-0088 FAX 817-338-0408 |

Jury Fee $

Date of Orders

ORDERS OF COURT

Was Steno Used?

067-210987-05

**067-210987-05**

14

# EXHIBIT "B"

067-210987-05

# Civil Docket   Discovery: 2

Cause of Action: PERSONAL INJURY (NO MTR VEH INVOLVED)

| NAMES OF PARTIES | ATTORNEYS |
|---|---|
| Date Filed 04/14/2005 | |
| GARY THIBODEAU | WATSON, HOUSTON M. 320 PURCHY ST |
| vs. | FORT WORTH, TX 76102 BarID: 20339500TX    Ph (817)870-9121    PLTF WATSON & ACOSTA |
| HOME DEPOT, INC. Paid By | BERNARD R. SUCHOCKI        210987 SUCHOCKI BULLARD & CUMMINGS PC ONE SUMMIT AVE STE 312 FORT WORTH TX 76102 TEL. 817-338-0088  FAX 817-338-0408 |

ORDERS OF COURT

Was Steno Used?

Date of Orders

067-210987-05

# EXHIBIT "C"

NO. 067-210987-05

| | | |
|---|---|---|
| Gary Thibodeau | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | TARRANY COUNTY, TEXAS |
| vs. | § | |
| | § | |
| | § | 67th   JUDICIAL DISTRICT |
| Home Depot, Inc., | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | **JURY TRIAL REQUESTED** |

## PLAINTIFF'S FIRST AMENDED PETITION

Gary Thibodeau, Plaintiff, complaining of Defendant, Home Depot, Inc. designates this case as a Level 2 case, and for cause of action would show the Court as follows:

## I.

### Parties and Venue.

1.a.    Plaintiff is a resident of Tarrant County, Texas.

1.b.    Defendant Home Depot, Inc. is a Delaware corporation, authorized to do business in Texas and has appeared in this case.

2.    Venue is proper in this County because all or a substantial part of the events upon which Plaintiff's claims are based occurred in Tarrant County.

## II.

### Factual Background.

3.    On or about December 2, 2004, Plaintiff Gary Thibodeau was shopping during normal business hours at Home Depot located at 3950 Jim

Wright Freeway, Lake Worth, Texas 76135. The Defendant Home Depot, Inc. extended an open invitation to the public, including Gary Thibodeau, to enter Home Depot's premises. Gary Thibodeau is therefore considered a business invitee.

4.     As Gary Thibodeau completed shopping at Home Depot, he rolled the materials he purchased through a large open door that is on rollers and to his truck. He then turned and began walking back to the premises going through the same open door that he came from.

5.     A Home Depot  cashier was resting on her elbows and staring at Gary Thibodeau as he was walking back into the premises when suddenly the door rolled down and hit Gary Thibodeau in the head with such force that it cut his forehead.

6.     Gary Thibodeau received no warning from the Home Depot cashier, or anyone else, that the door was falling.

7.     Gary Thibodeau thereafter sought and received medical attention.

8.     Gary Thibodeau has incurred severe pain and suffering and medical expenses and other damages as a direct and proximate result of the above-described incident.

### III.

### Causes of Action.

### Premises Liability / Negligence.

9.     Plaintiff incorporates by reference as if set forth verbatim herein Paragraphs 1 - 8 above.

PLAINTIFF'S FIRST AMENDED  PETITION - Page 2 of 4

10.    The Incident and the resulting injuries and damages to Gary Thibodeau were directly and proximately caused by the negligence of the Defendant Home Depot (acting by and through their employees, agents, servants, representatives, and/or officials,) in Home Depot's failure to exercise ordinary care in maintaining the premises in a reasonably safe condition, its failure to protect and safeguard invitees such as the Plaintiff Gary Thibodeau from unreasonably unsafe and dangerous conditions, its failure to exercise reasonable care to reduce or eliminate the risk to invitees such as the Plaintiff Gary Thibodeauof the unreasonably unsafe and dangerous conditions, and/or its failure to warn invitees such as the Plaintiff Gary Thibodeau of the unreasonably unsafe and dangerous conditions at the time of the Incident.

11.    Each of the above described acts and/or omissions by the Defendants singularly, or in combination with others, constituted negligence and directly and proximately caused the Incident and the injuries and damages to Plaintiff.

12.    At all times relevant to this lawsuit, the Defendants knew or in the exercise of ordinary and reasonable care should have known of the dangerous condition and of the foreseeable harm that its negligent acts and/or omissions posed to invitees such as Gary Thibodeau.

13.    The negligence described herein should be imputed to Home Depot's because the negligence alleged herein occurred as a result of the acts and/or omissions of the Defendant's employees, agents, servants, representatives, and/or officers ) and with Defendants knowledge and/or consent.

## IV.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial they be awarded:

a) his actual damages sustained as a direct and proximate result of Defendant's conduct as set forth above ands in an amount of not less than $250,000.00;

b) costs of suit;

c) pre- and post-judgment interest; and

d) Such other and further general and special relief to which plaintiff may be justly entitled.

### PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,

**WATSON & ACOSTA P.L.L.C.**

Houston M. Watson II
State Bar No. 20939500
Fort Worth Texas 76102
Telephone (817) 870-9121
Telecopy (817) 870-9132

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I certify that on May 18, 2005 a true and correct copy of Plaintiff's First Amended Petition was served by facsimile on Defendant's counsel Bernard Suchocki at 817 338-0082

HOUSTON M. WATSON II

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Gary Thibodeau
102 Ann Court
Fort Worth, Texas 76108

## DEFENDANTS   4-05CV-385-Y

Home Depot U.S.A., Inc.
2455 Paces Ferry Road, N.W.
Atlanta, GA 30339-4024

**(b)** County of Residence of First Listed Plaintiff   Tarrant
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Cobb
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Bernard R. Suchocki; Suchocki, Bullard & Cummings, P.C.
One Summit Ave., Suite 312; Ft. Worth, TX 76102; (817) 338-0088

Attorneys (If Known)

Houston M. Watson, II; Watson & Acosta P.L.L.C.
320 Purcey St., Ft. Worth, TX 76102      (817) 870-9121

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. § 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)   None.

JUDGE _____   DOCKET NUMBER _____

DATE   June 16, 2005

SIGNATURE OF ATTORNEY OF RECORD   Bernard R. Suchocki

## FOR OFFICE USE ONLY

RECEIPT # 53032   AMOUNT 250.00   APPLYING IFP ___   JUDGE ___   MAG JUDGE ___

ORIGINAL

JUN 1 6 2005

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

4 0 5 C V - 3 8 5 - Y

## SUPPLEMENTAL CIVIL COVER SHEET FOR
## CASES REMOVED FROM STATE COURT

*This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S. District Clerk's Office. Additional sheets may be used as necessary.*

1.  **Style of the Case:**

    Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also, please list the attorney(s) of record for each party named and include their bar number, firm name, correct mailing address, and phone number (including area code.)

    | Party and Party Type | Attorney(s) |
    | --- | --- |
    | Plaintiff - Gary Thibodeau | Houston M. Watson, II<br>State Bar No. 20939500<br>WATSON & ACOSTA P.L.L.C.<br>320 Purcey Street<br>Fort Worth, Texas 76102<br>(817) 870-9121 |
    | Defendant - Home Depot, U.S.A., Inc.<br>d/b/a Home Depot, Inc. | Bernard R. Suchocki<br>State Bar No. 19458500<br>SUCHOCKI, BULLARD &<br>CUMMINGS, P.C.<br>One Summit Avenue, Suite 312<br>Fort Worth, Texas 76102<br>(817) 338-0088 |

2.  **Jury Demand:**

    Was a Jury Demand made in State Court?        _X_ Yes        ___ No

    If "*Yes*," by which party and on what date?

    Gary Thibodeau                                May 18, 2005
    Plaintiffs                                    Date

3.  **Answer:**

    Was an Answer made in State Court?        _X_ Yes        ___ No

    If "*Yes*," by which party and on what date?

    Home Depot U.S.A., Inc. d/b/a Home Depot, Inc.        April 22, 2005
    Party                                                 Date

**Supplemental Civil Cover Sheet**
**Page 2**

4.  **Unserved Parties:**

    The following parties have not been served at the time this case was removed:

    **<u>Party</u>**                                          **<u>Reason(s) for No Service</u>**

    None.

5.  **Nonsuited, Dismissed or Terminated Parties:**

    Please indicate any changes from the style on the State Court papers and the reason for that change:

    **<u>Party</u>**                                          **<u>Reason</u>**

    None.

6.  **Claims of the Parties:**

    The filing party submits the following summary of the remaining claims of each party in this litigation:

    **<u>Party</u>**                                          **<u>Claim(s)</u>**

    Gary Thibodeau                                     Personal injury claims arising when an overhead rollup door allegedly came down and hit Plaintiff on the head.